IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re:<br><br>GLORIA ELAINE HERNDON<br><br>Debtor | Case No. 21-15697 TJC<br>Chapter 11 |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7, OR, IN THE ALTERNATIVE, TO DISMISS CASE**

John P. Fitzgerald, III, Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, moves this Court to convert this chapter 11 case to a case under chapter 7 or, in the alterative, to dismiss this case pursuant to 11 U.S.C. § 1112. Gloria Elaine Herndon, debtor and debtor in possession ("Debtor"), has failed to file monthly operating reports ("MORs"), and has failed to pay the U.S. Trustee quarterly fees. In support of this motion, the United States Trustee states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction to hear this motion under 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Venue before this Court is proper under 28 U.S.C. § 1409(a).

3. The statutory predicates for the relief requested herein are sections 105 and 1112 of the Bankruptcy Code and Bankruptcy Rule 2015.

4. The United States Trustee has standing to bring this objection pursuant to 11 U.S.C. § 307 and is entrusted with monitoring the progress of cases filed under chapter 11 pursuant to 28 U.S.C. § 586(a)(3)(G).

**Background**

5. On September 7, 2021, the Debtor, Gloria Elaine Herndon, filed a voluntary petition in this Court for relief under chapter 13 of the Bankruptcy Code. On December 23, 2021, the case was converted to one under chapter 11. The Debtor continues to operate and manage her affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 28, 2021, the United States Trustee sent correspondence to counsel for the Debtor outlining the documents required to be provided to the United States Trustee to conduct the initial debtor interview and other reporting requirements. *See* Email correspondence dated December 28, 2021, a copy is attached as **Exhibit 1**.

7. On January 3, 2022, the Debtor was provided with a copy of the Office of the U.S. Trustee's Chapter 11 Guidelines for the District of Maryland ("Guidelines"). **Exhibit 2**. The Debtor acknowledged receipt of the Guidelines. *See* Receipt and Certification of Understanding "Operating Guidelines and Reporting Requirements of the United States Trustee for Chapter 11 Debtors In Possession and Chapter 11 Trustee," signed by Debtor on January 9, 2022, a copy is attached as **Exhibit 3.**

8. These Guidelines expressly state that a debtor in possession must file MORs with the Court for each month after a petition is filed until a plan is confirmed or the case is dismissed or converted, and must timely pay outstanding U.S. Trustee quarterly fees.

9. The Debtor's MORs for March, April, May, and June 2022 have not been filed. The Debtor's estimated U.S. Trustee fees of $250 are past due.

**Legal Argument**

I.  **Cause Exists to Convert or Dismiss the Case**

10. Section 1112 of the Bankruptcy Code governs conversion or dismissal of chapter 11 cases and provides in relevant part: "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate for cause . . . ." 11 U.S.C. § 1112(b)(1).

11. Section 1112(b)(4) of the Bankruptcy Code enumerates 16 definitions of "cause," including the unexcused failure to satisfy timely any filing or reporting requirements established by this title, and failure to pay any fees required by chapter 123 of title 28. Section 1112(b)(4)(F) and (K).

12. In the present case, cause exists to convert or dismiss this case because the Debtor has failed to comply with the most basic of reporting requirements, and failed to pay the required quarterly fees. Section 1112(b)(4)(F) and (K).

A. **The Debtor Has Not Filed Required MORs or Paid the Outstanding Quarterly Fees**

13. The case should also be converted or dismissed due to the Debtor's failure to file MORs and pay the outstanding U.S. Trustee quarterly fees.

14. The Guidelines expressly state that a debtor in possession must file MORs with the Court for each month after a petition is filed until a plan is confirmed or the case is dismissed or converted, and must timely pay outstanding quarterly fees.

15. The Guidelines also state that if a debtor in possession fails to comply with these requirements, the United States Trustee may file a motion to convert or dismiss the case on that basis.

16. At the initial debtor interview, the United States Trustee advised the Debtor and counsel that the Debtor needed to file timely MORs on the 21st of each month and promptly pay all quarterly fees. Moreover, sections 1107(a) and 1106(a)(1) of the Bankruptcy Code require the filing of such periodic operating reports. *See also* 11 U.S.C. § 704(a)(8).

17. As one court has aptly noted, MORs are not busy work -- they are critical to the transparency of information at the heart of an effective and efficient bankruptcy system because they are the primary means through which creditors, the Court, the Office of the U.S. Trustee, and all parties in interest can monitor the debtor's post-petition operations and finances. *See In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995). The failure to file MORs undermines the chapter 11 process. *Id.* "Timely and accurate financial disclosure is the life blood of the Chapter 11 process. Monthly operating reports are much more than busy work imposed upon a Chapter 11 Debtor for no reason other than to require it to do something. They are the means by which creditors can monitor a debtor's post-petition operations.*" In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991).

18. The Debtor's March, April, May, and June MORs have not been filed and the estimated U.S. Trustee fees of $250 are past due.

19. The Debtor's failure to timely file its MORs prevents creditors, the Court, the United States Trustee, and other parties in interest the ability to monitor the Debtor's post-petition actions and constitutes cause to dismiss or convert this case.

**II. Conversion is in the Best Interest of Creditors and the Estate**

20. Once cause has been established, the Court must exercise its discretion to determine which action – conversion or dismissal – is in the best interest of creditors and the estate. 11 U.S.C. § 1112(b)(1), *see Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14 F.3d 240, 242 (4th Cir. 1994); *see also In re Sydnor*, 431 B.R. 584,

4

590 (Bankr. D. Md. 2010) (After cause is established, the "court must dismiss the case or convert the case . . . or appoint a Chapter 11 Trustee," whichever course of action is in the best interest of creditors and the estate).

21. In determining which remedy, dismissal or conversion, is in the best interests of creditors and the estate, the Court should consider the following factors:

> A. whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion than dismissal;
>
> B. whether there would be a loss of rights granted in the case if it were dismissed rather than converted;
>
> C. whether the debtor would simply file a further case upon dismissal;
>
> D. the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors;
>
> E. in assessing the interests of the estate, whether conversion or dismissal would maximize the estate's value as an economic enterprise;
>
> F. whether any remaining issues would be better resolved outside the bankruptcy forum;
>
> G. whether the estate consists of a 'single asset';
>
> H. whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests;
>
> I. whether a plan had been confirmed and whether any property remains in the estate to be administered; and
>
> J. whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*Lakefront Investors, LLC v. Clarkson*, 484 B.R. 72, 83 (D. Md. 2012) (quoting 7 COLLIERS ON BANKRUPTCY [SECTION] 1112.04[7]).

22. The United States Trustee believes that the estate and the creditors' best interests would be served by converting this case to one under chapter 7 because the Debtor has assets which may be liquidated by a chapter 7 trustee to pay her creditors.

23. If the Court determines that conversion to a chapter 7 liquidation is not in the best interest of the creditors, the United States Trustee requests that the case be dismissed.

24.     Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed.

25.     Pursuant to Local Bankruptcy Rule 9013-6, the United States Trustee consents to final judgment orders in this matter by a bankruptcy judge.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order converting this case to chapter 7, or, in the alternative, dismissing the case and granting such other and further relief as this Court deems necessary and appropriate.

Date: August 1, 2022                **JOHN P. FITZGERALD, III**
Acting United States Trustee for Region 4

By Counsel:

*/s/ L. Jeanette Rice*
L. Jeanette Rice, Bar No. 12933
Assistant U.S. Trustee
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD  20770
(301) 344-6220
Fax: (301) 344-8431
E-mail: Jeanette.Rice@usdoj.gov

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on <u>August 1, 2022</u>, I reviewed the Court's CM/ECF system and its reports and an electronic copy of the <u>Motion to Convert Case to Chapter 7 or, in the Alternative, to Dismiss Case</u> will be served electronically by the Court's CM/ECF system on the following:

Bob Van Galoubandi - bgaloubandi@gmail.com
Justin Philip Fasano - jfasano@mhlawyers.com jfasano@ecf.courtdrive.com, dmoorehead@mhlawyers.com,tmackey@mhlawyers.com,hleaphart@mhlawyers.com,mtaylor@mhlawyers.com,Fasano.JustinR92003@notify.bestcase.com
Kevin R. Feig - bankruptcymd@mwc-law.com
Malcolm Brooks Savage - LOGSECF@logs.com
Marc A. Ominsky - <u>info@mdlegalfirm.com</u>, marc@mdlegalfirm.com,adeal@mdlegalfirm.com, bkcourtmailmd@gmail.com,a.mr78701@notify.bestcase.com
Nicole C. Kenworthy - bdept@mrrlaw.net
Ruth O. Katz - rokatz@lerchearly.com kdlevy@lerchearly.com,apjessell@lerchearly.com
BMO Harris Bank NA - bankruptcy@bmo.com
Best Buy Credit Services - Citi.BNC.Correspondence@citi.com -
Comptroller of Maryland - Bankruptcymail@marylandtaxes.gov
Capital One - AIS.cocard.ebn@aisinfo.com
Capital One Bank (USA)- ebn_ais@aisinfo.com
Citibank, N.A - Citi.BNC.Correspondence@citi.com
Bureau of the Fiscal Service - Fiscal.Service.Bankruptcy.Notices@fiscal.treasury.gov
Department of the Treasury, Internal Revenue - sbse.cio.bnc.mail@irs.gov
ais.chase.ebn@aisinfo.com - Chase
ais.chase.ebn@aisinfo.com - JPMorgan Chase Bank
MVCIBL@VACATIONCLUB.COM -Marriott Vacation Club
BKEBN-Notifications@ocwen.com - New Rez c/o PHH Mortgage
BKEBN-Notifications@ocwen.com - Ocwen Loan Servicing, LLC
UIBankruptcyNotices.DLLR@maryland.gov- State of Maryland DLLR
bankruptcy@bbandt.com - SunTrust Bank now Truist Bank, Support
BKEBN-Notifications@ocwen.com - The Bank of New York Mellon, c/o PHH Mortgage Corporation
ebn_ais@aisinfo.com - Verizon, by American InfoSource as agent

   I HEREBY FURTHER CERTIFY that on <u>August 1, 2022</u>, a copy of the <u>Motion to Convert Case to Chapter 7 or, in the Alternative, to Dismiss Case</u> was also mailed first class mail, postage prepaid to:

Gloria Elaine Herndon, 9909 Bald Cypress Drive, Rockville, MD 20850-3489
CWP Consulting, 1400 16th St N.W., Suite B-120, Washington, DC 20036-2251
FM Pool 2007, LLC, c/o Bob Van Galoubandi, The Commerce Center, 1777 Reisterstown Road, #375, Baltimore, MD 21208-1393
Willows of Potomac Community Association, c/o Lerch, Early & Brewer, Chartered, 7600 Wisconsin Avenue, Suite 700, Bethesda, MD 20814-3663
BMO Harris Bank NA, PO Box 2035, Milwaukee WI 53201-2035
Department of the Treasury BFS DMS, PO Box 830794, Birmingham AL 35283-0794
Equitable, Billing Dept, PO Box 1047, Charlotte, NC 28201-1047

FM POOL 2007, LLC, c/o Bob Van Galoubandi, Esq., 1777 Reisterstown Road, Suite 375, Baltimore, MD 21208-1393
GB Properties, LLC, 330 15th St, SE, Washington, DC 20003-2340
Henderson Law, LLC, Attn: Wes P. Henderson, Esq, 2127 Espey Ct., Ste 204, Crofton, MD 21114-2490
JCL Funding Group LLC, Justin P. Fasano, 6411 Ivy Lane #200, Greenbelt, MD 20770-1405
JCL Funding Group, LLC, 6305 Ivy Lane, Ste 320, Greenbelt, MD 20770-6349
Lerch, Early & Brewer, CHTD, Attn: Jeremy Tucker, Esq., 7600 Wisconsin Ave., Ste 700, Bethesda, MD 20814-3663
NewRez, PO Box 371458, Pittsburg, PA 15250-7458
Paradise Vacation Club, PO Box 27130, Santa Ana, CA 92799-7130
South Shore Homeowners Association, Inc., c/o Meyers, Rodbell & Rosenbaum, P.A., 6801 Kenilworth Ave., Ste. 400, Riverdale Park, MD 20737-1331
South Shore Marina Condo Association, c/o Parkowski, Guerke & Swayze,PA, Shane Heberling, Esq., 19354C Miller Rd., Rehoboth Beach, DE 19971-6122
The Manhattan Club, Financial Services Dept., 112 North Courtland St, 2nd floor, East Stroudsburg, PA 18301-2102
Wells Fargo Consumer Bankruptcy Team, MAC F82350-02F, P.O. Box 104238, Des Moines, IA 50306-0438
Willows of Potomac Community Association, PO Box 39, Germantown, MD 20875-0039

*/s/ L. Jeanette Rice*
L. Jeanette Rice